IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 09-00404 SOM |
| | ) | Civ. No. 15-00117 SOM/BMK |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING DEFENDANT |
| vs. | ) | LINDA LEE'S MOTION UNDER 28 |
| | ) | U.S.C. § 2255 AS UNTIMELY AND |
| | ) | DECLINING TO ISSUE A |
| LINDA LEE; | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING DEFENDANT LINDA LEE's
MOTION UNDER 28 U.S.C. § 2255 AS UNTIMELY AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I.      INTRODUCTION.**

On July 5, 2012, judgment was entered in a criminal case against Defendant Linda Lee. See ECF No. 112.[1] Lee was convicted of drug-related crimes and sentenced to two concurrent 160-month terms of imprisonment, a $200 special assessment, and two concurrent five-year terms of supervised release. Id.

On April 7, 2015, Lee filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. See ECF No. 117.

Before considering the merits of Defendant Linda Lee's 28 U.S.C. § 2255 Motion, this court must determine whether the Motion was timely filed. See 28 U.S.C. § 2255(f). Accordingly,

---

[1] All citations herein to the record will be to United States v. Linda Lee, Cr. No. 09-00404 SOM.

on April 9, 2015, the court issued an Order To Show Cause, directing Lee to explain how the circumstances satisfy at least one subpart of 28 U.S.C. § 2255(f) such that her Motion was timely and/or whether she is entitled to equitable tolling of the one-year limitation period. See ECF No. 118.

On May 8, 2015, Lee timely filed a response to the Order To Show Cause. See ECF No. 119. On May 18, 2015, the Government filed its response. See ECF No. 123. On June 29, 2015, Lee filed a reply. See ECF No. 124. The court now determines that Lee's § 2255 Motion is untimely and dismisses it. The court declines to issue a certificate of appealability.

**II.      BACKGROUND.**

Lee pled guilty pursuant to a plea agreement to two counts of aiding and abetting the possession with intent to distribute and distribution of 50 grams or more of methamphetamine. See ECF No. 90. Pursuant to the plea agreement, Lee knowingly and voluntarily waived the right to appeal her conviction and any sentence within the maximum sentence provided for by statute:

> The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). However, in exchange for concessions made by the prosecution in this Agreement, Defendant knowingly and voluntarily waives the right to appeal her conviction and any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined on any grounds

2

>       whatsoever, including any order of
>       restitution, and the manner in which that
>       sentence was determined.

Id., PageID #s 198-99. In exchange for Lee's agreement to plead guilty to Counts 1 and 2, the Government agreed to several things, including not seeking a superseding indictment that would have included a cocaine distribution charge and withdrawing a Special Information filed pursuant to 21 U.S.C. § 851. See id., PageID #s 193-94; see also ECF No. 89. Lee waived her right to collaterally attack her sentence, except with respect to claims of ineffective assistance of counsel.[2] Id., PageID # 199.

Lee was sentenced to two concurrent 160-month terms of imprisonment, a $200 special assessment, and two concurrent five-year terms of supervised release. See ECF No. 112. Judgment was entered on July 5, 2012. See ECF No. 112. Lee did not appeal her conviction or sentence. See ECF No. 117, PageID #s 467-68.

On April 7, 2015, Lee filed her Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. See ECF No. 117.

Ground One of the § 2255 Motion contends that her counsel was ineffective at the pretrial stage in 1) failing to discuss a pretrial defense strategy, 2) failing to develop a

---

[2]Although the Presentence Investigation Report refers to a plea agreement provision preserving Lee's right to appeal or collaterally attack an above-guideline sentence, the actual plea agreement does not include such a right. This discrepancy is irrelevant here, as an above-guideline sentence was not imposed.

defense, 3) failing to inform Lee that she "had been served with a § 851 enhancement, and 4) lying to Lee "about Judge's dismissal on the violation of speedy trial." Id., PageID # 469.

Grounds Two and Four of the § 2255 Motion contend that her counsel was ineffective at the plea stage in 1) failing to object to the sufficiency of the plea agreement, 2) failing to discuss the plea agreement with Lee, 3) allowing Lee to sign an "illegal plea agreement," 4) failing to follow Lee's request, and 5) misinforming Lee as to her right to a direct appeal. Id., PageID #s 470, 473.

In Ground Three of the § 2255 Motion, Lee contends that her counsel was ineffective at the sentencing stage in 1) failing to present mitigating information, and 2) failing to object to "misinformation" in the Presentence Investigation Report. Id., PageID # 472.

### III. LEE'S § 2255 MOTION IS UNTIMELY.

Lee seeks relief from her sentence under 28 U.S.C. § 2255, which provides for a motion by an incarcerated federal defendant to vacate, set aside, or correct a sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

4

A motion under § 2255 must be filed within one year of the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because the underlying judgment, which was not appealed, was filed on July 5, 2012, and Lee did not submit her § 2255 Motion until April 7, 2015, the court was concerned that the Motion may have been time-barred. Accordingly, the court issued an Order To Show Cause why the § 2255 Motion should not be dismissed as untimely. See ECF No. 118.

Lee's response to the Order To Show Cause appears to rely on §§ 2255(f)(1) and (4) in arguing whether her § 2255 Motion was timely filed. Lee does not contend that either

§ 2255(f)(2) or § 2255(f)(3) applies.[3] The court determines that Lee's § 2255 Motion was not timely filed.

### A. Lee's § 2255 Motion is Not Timely Under § 2255(f)(1).

A § 2255 motion may be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). For purposes of § 2255(f)(1), a judgment becomes final "when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (quoting Clay v. United States, 537 U.S. 522, 527 (2003)). When a criminal defendant does not take a direct appeal, a judgment of conviction becomes final when the 14-day limitation for an appeal has been exhausted. See United States v. Lafromboise, 427 F.3d 680, 683 (citing Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)); Fed. R. App. P. 4(b)(1)(A).

---

[3]Although in one filing Lee states that she "just discovered" Supreme Court case law, she makes no argument that the Supreme Court has recently announced a new rule of law that was made retroactive for purposes of § 2255(f)(3). See, e.g., ECF No. 117, PageID # 476 ("I just discovered that per a Supreme Court ruling . . . ."); ECF No. 119, PageID # 488 ("in the course of her research Lee discovered that her attorneys' [sic] had given her deficient information"). Nor does Lee claim that the Government (or anyone) prevented her from discovering the unidentified Supreme Court case earlier. Accordingly, this court does not treat § 2255(f)(3) as being at issue here.

In Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001), the Ninth Circuit applied Rule 6(a) of the Federal Rules of Civil Procedure to determine how to calculate the one-year period for the filing of a habeas corpus motion brought under 28 U.S.C. § 2244 by a state prisoner whose conviction was final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996. Id. at 1246. Section 2244 contains timing language applicable to state prisoners' habeas petitions that is similar to the timing language in § 2255(f). Under Rule 6(a), to calculate time periods stated in days or in longer periods, one excludes the day of the event that triggers the period but includes the last day of the period unless it is a Saturday, Sunday, or legal holiday. The Ninth Circuit concluded that the Patterson "anniversary method," which is easy for petitioners, attorneys, and courts to apply, was appropriate. 251 F.3d at 1246; see also United States v. Hurst, 322 F.3d 1256, 1261 (10th Cir. 2003) (applying "anniversary method" under Rule 6(a) to determine timeliness of § 2255 motion); Alfaro v. Woodring, 2009 WL 1155668, *1 (E.D. Cal. Apr. 29, 2009) (same).

When a defendant fails to file his or her § 2255 motion within one year of the anniversary of the date his or her judgment became final, the defendant relying on § 2255(f)(1) must demonstrate that the one-year time limit should be tolled. See United States v. Castro-Verdugo, 750 F.3d 1065, 1071 (9th Cir.

2014) ("after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling[.]"). A defendant may establish equitable tolling by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id.; see also United States v. Aguirre-Ganceda, 592 F.3d 1043, 1046 (9th Cir. 2010) ("Even though Aguirre's section 2255 motion was untimely, we may toll the one-year limitation period if (1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist."). However, "[T]he threshold necessary to trigger equitable tolling . . . is very high." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006).

Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure provides that a defendant's notice of appeal must be filed within 14 days after the entry of the judgment being appealed. Because Lee did not file a notice of appeal, the one-year limitation period began to run when the time for filing such an appeal expired in July 2012. However, Lee did not submit her § 2255 Motion until March 2015. See ECF No. 119, PageID # 490. Lee concedes that she missed the one-year deadline. See ECF No. 124, PageID # 508 ("The Government's claim is that Lee is time-barred . . . and under ordinary circumstances the government

would be right."). Because Lee's § 2255 Motion is untimely, Lee must demonstrate that equitable tolling applies or her Motion will be time-barred. See United States v. Castro-Verdugo, 750 F.3d 1065, 1071 (9th Cir. 2014) ("after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling[.]").

### B. Lee Has Failed to Demonstrate That Her Motion is Timely Under § 2255(f)(4).

A § 2255 motion may be filed within one year of the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). Lee's § 2255 Motion is not timely under § 2255(f)(4).

Lee claims that she recently discovered that she was labeled a "career offender" pursuant to section 4B1.1 of the United States Sentencing Guidelines. In her reply, Lee says that her original counsel, William A. Harrison, represented that he had worked hard to get Lee's designation as a career offender "taken off the table" with respect to Lee's plea agreement. See ECF No. 124, PageID # 508. Lee states that, when she spoke to Assistant Federal Defender Salina Althof regarding the possibility of obtaining an Amendment 782 reduction to her sentence, Ms. Althof informed her that she was ineligible for the

9

reduction because she was a career offender.  See id.  Lee contends that her status as a career offender is therefore newly discovered for purposes of § 2255(f)(4).

However, Lee's status as a career offender was made clear to her by the court in connection with her sentencing proceedings.  Her career offender status does not qualify as newly discovered evidence.  Paragraph 45 of Lee's Presentence Investigation Report states, "Pursuant to U.S.S.G § 4B1.1, the defendant is designated a career offender . . . ."  ECF No. 115, PageID # 354.  At Lee's sentencing, the court asked Lee whether she had had a chance to review the Presentence Investigation Report and whether she had any objections to it.  Lee answered that she had reviewed it and had no objections to it.  See ECF No. 126, PageID #s 514-15.  Additionally, the court noted in Lee's sentencing proceedings that, in determining the applicable guideline range, it was taking into account "her status as a career offender."  Id., PageID # 517.  This not only undermines Lee's contention that she had reason to believe her career offender status had been "taken off the table," but demonstrates that Lee's career offender status cannot be deemed "newly discovered" for purposes of § 2255(f)(4).

### C. Equitable Tolling Does Not Apply.

Having failed to demonstrate that she timely filed her § 2255 Motion within any of the one-year periods set forth in § 2255(f), Lee must show that the limitation period was equitably tolled to proceed with her Motion. See Castro-Verdugo, 750 F.3d at 1071; Aguirre-Ganceda, 592 F.3d at 1046. Lee shows neither that she was diligent nor that some extraordinary circumstance stood in her way and prevented the timely filing of her § 2255 Motion.

As noted above, Lee argues that she has only recently discovered that she was labeled a career offender. But, as discussed above, Lee was on notice of her career offender status, at least by the time she was sentenced. Lee's alleged recent discovery of that career offender status does not demonstrate any extraordinary circumstance justifying the equitable tolling of the limitation period.

Lee also argues that, in the course of researching whether she was eligible for an Amendment 782 reduction of her sentence, she discovered that she had been misinformed about her right to appeal. Lee says she told William A. Harrison, and later First Assistant Federal Public Defender Alexander Silvert, that she wanted to appeal her sentence. See ECF No. 119, PageID # 486. According to Lee, Silvert told her that she could not appeal her sentence because she had waived her right to appeal in

11

her plea agreement.  See id.  Lee argues that she directed her counsel to file the appeal even if the appeal was barred by the plea agreement.

Even assuming that Lee has only recently determined that she may assert ineffective assistance of counsel based on counsel's failure to file an appeal, Lee fails to show that she diligently pursued her rights such that this court should equitably toll the limitation period.  Lee signed the Memorandum of Plea Agreement that contained the waiver of appellate rights.  See ECF No. 90, PageID # 205.  The terms of the plea agreement were reviewed in open court when she pled guilty, and the waiver was noted in paragraph 8 of the Presentence Investigation Report.  Lee thus knew or should have known about the extent of the waiver of appeal rights on December 2, 2011, when she signed the Memorandum of Plea Agreement.  See Shannon v. Newland, 410 F.3d 1083, 1088 n.5 (9th Cir. 2005) (stating that § 2255 provides for a one-year limitation period that begins running on the date on which the facts supporting claim could have been discovered through the exercise of reasonable diligence).  Lee fails to explain why her alleged recent discovery of her ineffective assistance rights was based on reasonably diligent conduct.

Nor does Lee show that her counsel's advice was incorrect under the circumstances or that an appeal might have led to a different result.  Lee does not even try to articulate

12

arguments she might have advanced on appeal, much less suggest why the court should conclude they might have succeeded. Even if Lee's counsel was mistaken about the import of Lee's plea agreement (which this court is not finding), such a mistake would not amount to anything more than negligent conduct that would not justify the tolling of the limitation period. See Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003) (while egregious attorney misconduct may justify equitable tolling, ordinary attorney negligence does not). Thus, in Miranda v. Castro, 292 F.3d 1063 (9th Cir. 2002), the Ninth Circuit rejected a defendant's claim that equitable tolling applied given an attorney's misstatement about the deadline for filing a "federal habeas" motion. The Ninth Circuit noted that miscalculation of a deadline and other negligence do not constitute extraordinary circumstances sufficient to equitably toll a limitation period. Id. at 1066-67. Similarly, any mistake by Lee's attorney would not, without more, justify equitable tolling.

In short, Lee does not demonstrate why equitable tolling should be applied based on her claim that her attorneys should have filed an appeal. Lee shows no other alleged misconduct by her attorneys that excuses the timing of her § 2255 Motion. See United States v. Buckles, 647 F.3d 883, 890 (9th Cir. 2011).

Under the circumstances presented here, the court concludes that Lee has not shown that she is entitled to equitable tolling of the limitation period for filing her § 2255 Motion.

**IV. THE COURT DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY.**

The court declines to grant Lee a certificate of appealability. An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). The court is to issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a § 2255 petition on the merits, a petitioner, to satisfy the requirements of § 2253(c)(2), "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When, as here, a

> district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

14

>           district court was correct in its procedural
>           ruling.

Id. Lee fails to show that "jurists or reason would find it debatable" whether this court is correct in determining that Lee's § 2255 Motion is untimely.

Because Lee has failed to show that her § 2255 Motion was filed within the one-year limitation period or that extraordinary circumstances warrant the tolling of the limitation period, this court does not conclude that reasonable jurists would find debatable this court's determination that Lee's Motion is barred as untimely. Given the court's determination, the court does not examine whether Lee's Motion states a valid claim of the denial of a constitutional right. This court declines to issue a certificate of appealability.

**V.    CONCLUSION.**

Because Lee did not timely file her § 2255 Motion and because she has failed to demonstrate a basis for the equitable

tolling of the limitation period, the court dismisses the § 2255 Motion as untimely, and declines to issue a certificate of appealability.

    IT IS SO ORDERED.

    DATED: Honolulu, July 28, 2015.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

United States of America v. Linda Lee, Crim. No. 09-00404 SOM; Civ. No. 15-00117 SOM/BMK; ORDER DISMISSING DEFENDANT LINDA LEE'S MOTION UNDER 28 U.S.C. § 2255 AS UNTIMELY AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY